**Richard R. BERTRAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–00–0033–CR.**

Court of Appeals of Texas, Amarillo.

July 6, 2000.

Rehearing Overruled Aug. 8, 2000.

Joseph W. Kline, Lubbock, for appellant.

William C. Sowder, Crim. Dist. Atty., Lubbock (Wade Jackson, Asst. Crim. Dist. Atty.), for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

Upon a plea of not guilty, appellant Richard R. Bertrand was convicted by a jury of aggravated sexual assault and after pleading true to two enhancements, punishment was assessed at 50 years confinement. By two issues, appellant contends 1) the trial court erred in failing to charge the jury on "mistake of fact," and 2) trial counsel's failure to preserve a key objection to the charge concerning "mistake of fact" denied him effective assistance of counsel. Based upon the rationale expressed herein, we affirm.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, a brief fact statement will be sufficient to address the issues presented. Appellant and his estranged wife, the victim, were separated while their divorce

was pending. By his own admission, appellant acknowledged that he and the victim became embroiled in a violent physical altercation. However, he claims that after the altercation had ended, they engaged in consensual sexual intercourse.

By his first issue, appellant contends the trial court erred in failing to charge the jury on "mistake of fact." We disagree. In paragraph five of the charge, the aggravated sexual assault offense was submitted to the jury. The second unnumbered paragraph provided:

> Unless you so find beyond a reasonable doubt the defendant engaged in sexual intercourse with Stephanie Bertrand without her consent, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated sexual assault and next consider if he is guilty of the offense of sexual assault, only.

Appellant's claim of "consent" was also addressed by the instruction in paragraph nine as follows:

> The defendant has testified that on the occasion in question he engaged in sexual intercourse with Stephanie Bertrand with her consent. If you believe this evidence, or if the same causes you to have a reasonable doubt, you shall acquit the defendant of the offenses of aggravated sexual assault and sexual assault, and you will next consider if he is guilty of the offense of aggravated assault.

Although the above instructions informed the jury that the failure to find the consent by the victim or even a reasonable doubt regarding consent would require an acquittal, appellant objected to the charge because it did not contain a "mistake of fact" defense.

Citing four cases,[1] appellant urges that a mistake of fact charge should be given wherever the evidence raises the issue. However, none of the cases cited by appellant present convictions for aggravated sexual assault. Where, as here, there is sufficient evidence showing sexual as-

---

1. *Miller v. State,* 815 S.W.2d 582, 585 (Tex.Cr. App.1991); *Willis v. State,* 790 S.W.2d 307,

sault by force and threats, the issue of consent as it relates to the victim is removed, and a defendant is not entitled to a charge on the defense of mistake of fact. *Drakes v. State*, 505 S.W.2d 892, 894 (Tex. Cr.App.1974). Additionally, appellant did not rely on the words, representations, or conduct of any third party as would be required to support his argument that he is entitled to a charge on the defense of mistake of fact. *See generally Bruno v. State*, 845 S.W.2d 910, 912 (Tex.Cr.App. 1993). His version of the events differed from the victim's version and the jury could not believe both the testimony of appellant and of the victim. Accordingly, an instruction as to mistake of fact would be unnecessary. *Id.* at 913. Thus, the trial court did not err in denying the requested charge on mistake of fact. Issue one is overruled. Having determined that appellant was not entitled to the requested charge on mistake of fact, we need not consider issue two. *See* Tex R.App. P. 47.1.

Accordingly, the judgment of the trial court is affirmed.

314 (Tex.Cr.App.1990), *aff'd in part and rev'd in part*, 802 S.W.2d 337, 339 (Tex.App.—Dallas 1991, writ ref'd); Montgomery v. State, 588 S.W.2d 950, 953 (Tex.Cr.App.1979); *Williams v. State*, 930 S.W.2d 898, 902 (Tex. App.—Houston [1st Dist.] 1996).