Opinion issued June 9, 2005



 

 



 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00032-CR




VANCE GALVIN ALLEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 220,950




MEMORANDUM OPINION
          Vance Galvin Allen, appellant, pleaded not guilty to theft, in the amount of
$500, but less than $1500. The jury found him guilty and assessed punishment at 60
days’ confinement and a fine of $1,500. In five points of error, appellant contends
that the trial court erred in (1) denying his requested jury instruction on value; (2)
denying his requested jury instruction on mistake of fact; (3) denying his requested
jury instruction on impeachment by conviction; (4) submitting a charge to the jury
that contained fundamental error; and (5) denying his right to effective assistance of
counsel at trial. We affirm.
                                                    BACKGROUND
          In March 2002, appellant started work as a truck driver for Angel Moving, a
moving company that transports goods across the country. John Therrell,
complainant, owned Angel Moving and was responsible for hiring appellant. Angel
Moving employees are required to keep in close contact with the main office when
they are on the road. Drivers have a mandatory 7:00 a.m. check-in every day they are
on the road. They are required to call the office to provide updates on their
whereabouts and to obtain directions. The company provides all financial assistance
required for a driver to complete the move. Each driver is paid partially by his
mileage at a rate of 30 cents per mile.
          On May 24, 2002, Therrell told appellant that his truck needed maintenance
before appellant embarked on another move. Because Therrell did not know the
correct spelling of the alignment company’s name, but appellant knew where it was
located, Therrell gave appellant a check, which was left blank except for Therrell’s
signature. Therell claimed the purpose of the check was for appellant to pay for the
alignment on his truck. Therrell also testified that another employee, Jeffrey Akin,
was present when Therrell gave appellant the check. 
          At the same time, Therrell gave appellant a completely filled-out check from
the payroll account. Therrell testified that the purpose of this check was to advance
appellant $600 for expenses on the road before his paycheck came due. Drivers were
not paid until after all the work was completed, the total milage and expenses
calculated, and no damage was found on the equipment. According to Therrell, the
blank check he gave appellant was from the business account for expenses, not
payroll. Checks from the business account were marked by the name Angel Moving,
whereas the payroll account checks were marked by the name Angel Relocation,
Incorporated.
          Later that day, Therrell discovered that the amount in the business expense
account had decreased $3,200. Therrell was unable to get in touch with appellant or
locate his truck. The next day, appellant called the office and indicated that the truck
was at a truckstop one hour north of Houston. Therrell drove there and recovered the
truck.
          When it was recovered from the bank, the signed blank check Therrell had
given to appellant to pay for an alignment was made out to Vance Allen for $3,200. 
Therrell testified that he did not write in either the amount or the name. Therrell also
said he did not authorize appellant to write the check out to himself or for that
amount, but trusted him to fill in the check for the amount the alignment would cost.           Appellant testified that, when Therell gave appellant the blank check on May
25, Therrell said, “Here, take it. This is what I owe you.” Appellant claimed that
Therrell wanted appellant to take the blank check and cash it in the amount that
Therrell owed him. Appellant testified that they argued about how much Therrell
owed him, but appellant claimed he had not been paid in at least six weeks. 
Appellant believed he was owed between $3,800 and $4,500. Contrary to Therrell’s
testimony, appellant said that he was not supposed to get his truck aligned on May
24. Appellant testified that he took the truck for maintenance as requested by
Therrell and that he was given two checks. Appellant testified that there was no one
else present when Therrell gave these checks to appellant. Therrell gave appellant
the first check in the amount of $600 for money that was allegedly owed appellant. 
However, after appellant complained that he wanted the rest of the money that
Therrell still owed him, Therrell wrote out another check, which was blank except for
his signature. Appellant testified that Therrell, after receiving a phone call, tossed
appellant the check. Appellant took the check and left. Appellant put his name on
the check and wrote it out for $3,200. Appellant then cashed both the $3,200 check
and the $600 check. Appellant claimed he was still owed money from Therell. 
 

DISCUSSION
Value Instruction
          In his first point of error, appellant asserts that the trial court erred by not
submitting his requested jury instruction on value. Specifically, appellant contends
that an instruction should have been included in the court’s charge to the jury
explaining that he was entitled to a deduction from the amount allegedly stolen in the
amount of the value of the property for which appellant gave consideration or in
which he had a legal interest. Tex. Pen. Code Ann. § 31.08(d) (Vernon 2003). 
          A defendant has the right to an instruction on any defensive issue raised by the
evidence upon a timely request, whether such evidence is strong or weak,
unimpeached or contradicted, and regardless of what the trial court may or may not
think about the credibility of the defense. Hamel v. State, 916 S.W.2d 491, 493 (Tex.
Crim. App. 1996). 
          Appellant submitted his proposed instruction in writing and dictated it into the
record. The requested instruction read as follows:
In this case, the State has alleged that Defendant, Vance
Gavin Allen, is guilty of theft of property, the value of at
least $500.00 and less than $1,500.00. In order to prove
the value of the property allegedly stolen, the State must
prove the fair market value of the property at the time and
place of the offense beyond a reasonable doubt. However,
if Defendant, Vance Gavin Allen, proves by a
preponderance of the evidence that he gave consideration
for the property allegedly stolen, the amount of the
consideration so proven shall be deducted from the value
of the property in determining the value for purposes of
this case. 
 
The court denied appellant’s requested instruction. 
          In requesting this instruction, appellant cited to section 31.08(d) of the Texas
Penal Code, which states, “If the Defendant proves by the preponderance of the
evidence that he gave consideration for the property allegedly stolen, the amount of
the consideration so proven shall be deducted from the value of the property in
determining value for purposes of this case.” Tex. Pen. Code Ann. § 31.08(d).
          At trial, appellant submitted evidence regarding the amount of money he was
owed for his services by the complainant, Mark Therrell. Appellant testified that he
was owed about $3,800. Appellant testified that he had not been paid in over a
month. Appellant also testified that he was given the blank check by Therrell to pay
him for his labor and mileage. Appellant claims Therrell admitted that appellant was
owed $1,100, but Therrell testified that he did not owe appellant any money at the
time he gave appellant the blank check. Therrell testified that the approximately
$1,100 that appellant had earned for a prior run had not yet come due according to the
company pay schedule. 
          Appellant’s testimony at trial that he had continued to do work for Therrell
even after he was allegedly owed money was evidence of consideration for the $3,200
cash that appellant received after making out the blank check given to him by Therrell
for that amount. Appellant provided some evidence that he had given consideration
for the property he allegedly stole. Because appellant’s requested instruction was
proper, the trial court erred in rejecting the instruction. 
          Having determined that the charge contains error, and that appellant
specifically objected to the error at trial, we reverse if the error was calculated to
injure the rights of appellant, which means no more than that there must be “some
harm” to the accused from the error. Abdnor v. State, 871 S.W.2d 726, 732 (Tex.
Crim. App. 1994). Under that analysis, reversal is required if the error resulted in
some harm to the accused, “some” meaning “any.” Arline, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986). In determining whether the error was harmful and reversal
is required, an evidentiary review must be conducted, as well as review of any part
of the record as a whole that may illuminate the actual, not just theoretical, harm to
the accused. Id.; Almanza v. State, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984). For
this review, the presence of actual harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel, and any other relevant information
revealed by the record as a whole. Almanza, 686 S.W.2d at 171. If any harm is found
after conducting this review, then reversal is required. Abdnor, 871 S.W. 2d at 732. 
          We begin by analyzing the jury charge itself. See Almanza, 686 S.W.2d at 171;
Madden v. State, No. 01-02-01243-CR, 2005 WL 615624, at *4 (Tex.
App.—Houston [1st Dist.] Mar. 17, 2005, no pet.). The jury was given an instruction
on the elements of theft, specifically that a person “commits an offense of Theft if he
unlawfully appropriates property with intent to deprive the owner of the property.”
(emphasis added). This was followed by an article 38.10 instruction, indicating that
it is not a defense that the accused had an interest in the property stolen if another
person had the right of exclusive possession of the property. The charge contained
a number of definitions, including a definition of “appropriation,” which ended by
stating that “[a]ppropriation of property is unlawful if it is without the owner’s
effective consent.” An “[o]wner” was defined as “a person who has title to the
property, possession of the property, or a greater right to possession of the property
than the person charged; or is a holder in due course of a negotiable instrument.” The
charge gave the jury the ability to find appellant not guilty if they believed his
testimony and thus found that he did not unlawfully appropriate the money. 
          We next examine the state of the evidence. See id. Therrell testified that he
told appellant that the blank check that he signed and gave to appellant was to be used
to pay for an alignment on the truck appellant was driving. Therrell contested that he
told appellant that the check was to be written out in the amount of money Therrell
owed to appellant. In fact, Therrell testified that any money appellant was supposedly
owed had not yet come due. Therrell also testified that although the last paycheck
appellant had received was on April 2, 2002, he sent appellant money numerous times
through Western Union for appellant’s labor, fuel, and to cover his expenses on the
road. 
          However, appellant offered a different version of events. Appellant testified
that Therrell owed him thousands of dollars for his labor. Appellant also stated that
before he received the two checks from Therrell on May 24, he had not received a
paycheck in six weeks. Appellant admitted into evidence a log chronicling the miles
he had driven one of Therrell’s trucks in between his last paycheck on April 2 and
May 24. Finally, appellant testified, contrary to Therrell’s testimony, that it was his
understanding that Therrell gave him the checks as payment for the wages that he was
owed by Therrell. Appellant was able to offer evidence in support of his defensive
theory that he did not unlawfully appropriate the money from Therrell. The jury was
presented with testimony presenting two different perspectives detailing for what
purpose the blank check with Therrell’s signature was to be used. 
          We must also examine the arguments of counsel. See id. Appellant’s argument
centered on the idea that only one element of the theft offense was not proven,
unlawful appropriation of property. Appellant’s counsel claimed that the case came
down to witness credibility and whether the jury believed appellant or Therrell. She
expressed her inability to explain how the State came up with the value of the
allegedly stolen property of $500 but less than $1,500. She told the jury to look
carefully at the issue of whether there was consent, who was the owner of the
property, and how much money was owed to appellant. 
          The jury’s decision to believe the testimony of Therrell over the testimony of
appellant was not affected by the trial court’s erroneous refusal to include appellant’s
instruction on value because the contested issue at trial was whether Therrell had
consented to appellant’s appropriation of the check in the first instance, regardless of
the amount that appellant filled in the blank. It was not an issue of whether it should
have been filled out for $50.00 or $500.00 or any other amount. The court’s denial
of appellant’s requested instruction did not affect appellant’s ability to argue to the
jury that Therrell had consented to appellant’s appropriation of the property or that
appellant was the rightful “owner” of the property. 
          In its closing argument, the State brought attention to article 38.10. The State
stated

But you remember in voir dire she told you that there was
a defense to theft if the complaining witness, Mark
Therrell, owed some money to the Defendant? That’s what
she told you. Well, that’s not the law. If you look at No.
2 that’s what it says. There it’s no defense from
prosecution if the actor has an interest in the property or
service stolen if the other person has the right of exclusive
possession of the property.
 
This was the only mention the State made of instructions or defensive theories. The
State instead argued that, whatever the amount, Therrell had never consented to the
appropriation of the money from his checking account. The State told the jurors that
all they needed to decide was whether Therrell gave appellant the check for an
alignment or not. If the alignment was the purpose for which Therrell gave appellant
the signed check, the prosecutor asked the jury to find appellant guilty of theft. The
remainder of the State’s argument was a summary of the evidence the jurors heard
throughout the trial. 
          After examining the jury charge, the jury verdict, the evidence at trial, the
weight of the probative issues, and the arguments of counsel, we conclude that the
failure to provide an instruction on value did not produce any actual harm to
appellant. See id. at 172. Accordingly, we overrule appellant’s first point of error. 
Mistake of Fact Instruction
          In his second point of error, appellant asserts that the trial court erred by
denying his requested jury instruction on the defense of mistake of fact. See Tex.
Pen. Code Ann. § 8.02 (Vernon 2003). 
          Appellant dictated the following proposed instruction into the record:
Under our law it’s a defense of prosecution that a person,
through a mistake formed a reasonable belief about a
matter of fact, if the mistaken belief negated the kind of
culpability required for commission of the offense. The
tern [sic] ‘reasonable belief’ as used herein means a belief
that would be held by an ordinary and prudent man in the
same circumstances as the Defendant. Therefore, if Mr.
Allen reasonably believed that he was the owner of the
property and that acting under such belief, he kept the
property or if you have a reasonable doubt thereof, then
you will find the Defendant not guilty.
 
The mistake of fact defense is codified in the Texas Penal Code, which provides that
“[i]t is a defense to prosecution that the actor through mistake formed a reasonable
belief about a matter of fact if his mistaken belief negated the kind of culpability
required for commission of the offense.” Tex. Pen. Code Ann. § 8.02(a) (Vernon
2003). A defendant is entitled to a jury instruction on every defense theory raised by
the evidence. Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). 
Appellant contends that the evidence supported a defensive theory that appellant
formed a reasonable, but mistaken belief about his authority to fill in the check and
cash the check as payment for services rendered, which negated the culpability
required for commission of the charged offense. 
          When determining the validity of a mistake of fact defense, the inquiry is into
the mistaken belief of appellant. Montgomery v. State, 588 S.W.2d 950, 953 (Tex.
Crim. App. 1979). The defense impliedly looks to the conduct of others only to the
extent that such conduct contributes to the actor’s mistaken belief, and does not look
at all to the belief or state of mind of any other person. Id. 
          Applying the law on mistake of fact in Gardner v. State, the Court of Criminal
Appeals held that a mistake of fact instruction was proper in an unauthorized use of
a motor vehicle case where the defendant alleged that he had been given permission
to operate the vehicle by a third party he believed to be the owner. 780 S.W.2d 259,
263 (Tex. Crim. App. 1989). The defendant did not claim that he had the consent of
the “true” owner, but rather a third party whom he believed to be the owner. Id. at
260. The court held the instruction was proper because the jury could have believed
both (1) that the defendant believed that he had the consent of the third party to use
the vehicle and (2) that the true owner had not given the defendant permission. Id.
at 262-63. However, in Bruno v. State, the Court of Criminal Appeals held that such
an instruction was not proper when the defendant testified that the owner of the
vehicle gave him permission to use her car. 845 S.W.2d 910, 912-13 (Tex. Crim.
App. 1993). In Bruno, no third party was involved to create the mistaken belief as
to who the true owner was. Id. at 913. Therefore, the jury could only believe the
defendant’s version or the owner’s version, but not both. The court concluded that
“[s]imply because appellant testified that he had the consent of the owner of the
vehicle does not entitle him to a mistake of fact instruction.” Id. 
          Similarly, the proposed instruction here did not constitute a mistake of fact
defense. Appellant testified that Therrell gave him permission to fill out the check
as a paycheck for the amount that he was owed by Therrell. As in Bruno, there was
no third party involved. Appellant did not rely on the words, representations, or
conduct of any third party as would be required to support his argument that he was
entitled to an instruction on the mistake of fact defense. Bertrand v. State, 22 S.W.3d
660, 662 (Tex. App.—Amarillo 2000, pet. ref’d). In the absence of a third party, the
jury could not believe both the testimony of Therrell and the testimony of appellant. 
Only one of the incompatible stories could be believed. A mistake of fact instruction
was, therefore, improper. See id.
          Accordingly, we overrule appellant’s second point of error. 
Impeachment by Conviction
          In his third point of error, appellant asserts that the trial court erred by denying
his requested jury instruction on the limited admissibility of prior convictions for
impeachment.
          Appellant made the following request for a limiting instruction on appellant’s
prior conviction into the record: 
A limine [sic] instruction on that impeachment that that
[sic] evidence of that conviction goes to impeachment only
and not as proof that he committed this crime and that they
can’t use proof of conviction of that crime to find that he
committed this crime. 
 
Although appellant alleges that he submitted a proposed instruction to the court,
appellant’s proposed instruction does not appear in the record on appeal. The court
later refused to submit such an instruction, stating, “I’ve read both proposals, and I
know that I said earlier that we should rework it to fit both, because I think that both
of you have stated and the record has reflected that there are prior convictions not
only by the witness but also the Defendant. And I believe that this Court’s charge is
going to adequately address the credibility of the witnesses and the weight to be given
their testimony.” The court’s charge, however, did not contain a limiting instruction
regarding the use of extraneous offenses or prior convictions. 
          We note that appellant made no request for any limiting instruction until after
both sides had closed and argued the case. However, prior to the reading of the
court’s charge, appellant objected to the omission of a limiting instruction on
impeachment by conviction. 
          Texas Rule of Evidence 105(a), upon which appellant relies, provides “When
evidence which is admissible as to one party or for one purpose but not admissible
as to another party or for another purpose is admitted, the court, upon request, shall
restrict the evidence to its proper scope and instruct the jury accordingly.” Tex. R.
Evid. 105(a). This rule provides a basis for the trial court to instruct the jury on the
limited admissibility of certain evidence at the time it is admitted. The rule provides
no support for the contention that error is preserved by a request for a limiting
instruction made, not during the presentation of evidence, but as an objection to the
court’s charge. McNiel v. State, 757 S.W.2d 129, 136 (Tex. App.—Houston [1st
Dist.] 1988, no writ). Appellant did not request a limiting instruction when the
evidence was admitted. See Tex. R. Evid. 105(a); McNiel, 757 S.W.2d at 136
(stating that Texas Rule of Evidence 105(a) provides for limiting instruction only at
time evidence is admitted). An objection to, or request for, an instruction in the jury
charge is not sufficient to preserve error if no limiting instruction is requested when
the evidence is admitted. Id. Thus, the trial court had no obligation under Rule
105(a) to provide a limiting instruction for appellant. 
          Accordingly, we overrule appellant’s third point of error.
Jury Charge
          In his fourth point of error, appellant asserts that the trial court erred by (1)
denying his requested jury instructions as outlined in the three previous points of
error, (2) failing to instruct the jury sua sponte on two lesser-included offenses, and
(3) improperly including an instruction based on section 31.10 of the Texas Penal
Code. See Tex. Pen. Code Ann. § 31.10 (Vernon 2003). Because this point of error
complains of numerous alleged errors, we conclude that this point of error is
multifarious. See Wells v. State, 576 S.W.2d 857, 859 (Tex. Crim. App. 1979). 
          Article 40.09(9) of the Code of Criminal Procedure states, in relevant part,
[A]nd if the court, upon consideration of such ground of
error in light of the arguments made in support thereof in
the brief, can identify and understand such point of
objection, the same shall be reviewed notwithstanding any
generality, vagueness, or any other technical defect that
may exist in the language employed to set forth such
ground of error.
 
Tex. Code Crim. Proc. Ann. art. 40.09(a) (Vernon Supp. 2004-2005). Because we
can identify and understand appellant’s various contentions concerning the court’s
charge, we will address appellant’s contentions regarding lesser-included offenses
and the court’s section 31.10 instruction. See Ben-Schoter v. State, 638 S.W.2d 902,
902-03 (Tex. Crim. App. 1982). 
          Regarding lesser-included offenses, appellant argues that the trial court should
have instructed the jury on the class B misdemeanor of theft of a value of $50 to $500
and the class C misdemeanor of theft of a value of less than $50. If the facts
presented at trial raise the issue of a lesser-included offense and a jury charge is
properly requested, then a charge on the issue must be given. Mitchell v. State, 807
S.W.2d 740, 742 (Tex. Crim. App. 1991). However, appellant never requested such
a charge at trial. In Posey v. State, the Court of Criminal Appeals held the trial judge
had no duty to sua sponte instruct the jury on defensive issues. 966 S.W.2d 57, 62
(Tex. Crim. App. 1998). In order to preserve a complaint for appellate review, a party
must present to the trial court a timely request, objection, or motion, stating the
specific grounds for the ruling desired and obtain a ruling upon the party’s request,
objection, or motion. Tex. R. App. P. 33.1(a). Therefore, appellant failed to preserve
this issue for appeal.
          Regarding the court’s instruction on section 31.10


 of the Texas Penal Code,
appellant argues that the instruction negated appellant’s defense and theory of the
case and removed the jury from its role as fact finder in this case. Because appellant
failed to object to this instruction at trial, we find that appellant failed to preserve this
issue for appeal. 
          Accordingly, we overrule appellant’s fourth point of error. 
Ineffective Assistance of Counsel
          In his fifth point of error, appellant asserts that he received ineffective
assistance of counsel at trial. Appellant contends that his trial counsel was ineffective
because of cumulative errors occurring before and during trial, including (1) failing
to properly identify the applicable Penal Code provision on value as a definition; (2)
failing to conduct voir dire on the defense of mistake of fact; (3) failing to request a
jury charge on lesser-included offenses; (4) using civil statutes and case law as a basis
for moving for a directed verdict; (5) failing to object to improper evidence; (6)
failing to properly impeach testimony; (7) failing to preserve error on excluded
defense evidence; (8) failing to file adequate discovery; and (9) failing to properly
object to the State’s improper jury argument.
          Under Strickland v. Washington, to prevail on an ineffective assistance of
counsel claim, the applicant must show that (1) counsel’s performance was deficient
by falling below an objective standard of reasonableness and (2) there is a probability
sufficient to undermine the confidence in the outcome that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). We “indulge in a strong presumption that counsel’s conduct falls
within the wide range of reasonable assistance,” and that “the challenged action
‘might be considered sound trial strategy.’” Strickland, 466 U.S. at 689, 104 S. Ct.
at 2065 (citing Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). 
          Appellate review of defense counsel’s representation is highly deferential and
presumes that counsel’s actions fell within the wide range of reasonable and
professional assistance. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The
appellant must overcome this presumption. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no writ). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Rarely will the trial record
contain sufficient information to permit a reviewing court to fairly evaluate the merits
of such a serious allegation: “[i]n the majority of instances, the record on direct
appeal is simply undeveloped and cannot adequately reflect the failings of trial
counsel.” Id. at 813-14.
          In his first claim, appellant asserts that his trial counsel was ineffective because
during voir dire he failed to distinguish the difference between a definition and a
defense. As discussed under point of error one, this definition was inapplicable and,
therefore, trial counsel could not be deficient for failing to properly identify it. 
          In his second claim, appellant asserts that counsel was ineffective because he
failed to voir dire on mistake of fact. This court will not engage in speculation about
counsel’s reasons or strategy. See Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim.
App. 2002). Because counsel used all the time allotted for his voir dire, he was not
deficient or lacking in tactical or strategical decision-making so as to overcome the
presumption that counsel’s performance was reasonable and professional. In the
absence of a record reference concerning counsel’s reasoning, we must generally
presume that appellant’s trial counsel had a plausible reason for his actions. 
Thompson, 9 S.W.3d at 814; Gamble, 916 S.W.2d at 93. 
          In his third through ninth claims, the record is silent as to why trial counsel
chose to act the way in which she did. To find trial counsel ineffective would call for
speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d). Therefore, appellant has not met his burden to overcome the
presumption that the challenged actions might be considered sound trial strategy.
          Accordingly, we overrule appellant’s fifth point of error. 
 

CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).