Jimmy Jack SANDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00042–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 24, 2001.

Decided Nov. 12, 2001.

490

Robert B. Adris, Sulphur Springs, for appellant.

Martin E. Brady, Assistant District Attorney, Sulphur Springs, for state.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice BEN Z. GRANT.

Jimmy Jack Sands appeals his conviction by a jury for possession of methamphetamine in an amount less than one gram. The jury assessed his punishment at two years' confinement.

Sands was alleged to have been in possession of a syringe containing 0.05 grams of methamphetamine, which an officer found on Sands during a weapons frisk after the officer stopped a car in which Sands was a passenger. The record shows the car was registered to Sands.

█ Sands first contends the trial court erred in overruling his motion to suppress, which alleged that the evidence seized was the fruit of an illegal search.

The record shows that Sands filed a pretrial motion to suppress. At a break in the trial, the trial court held a hearing on Sands's motion. At the end of the hearing, the trial court entertained argument on the motion from both sides. The trial court then stated, "All right. The Court will carry your motion along." The trial resumed, and the State presented evidence that the syringe found on Sands contained 0.05 grams of methamphetamine. Sands did not object to this evidence. In fact, when the State offered into evidence State's exhibit three, the laboratory report from the Department of Public Safety, Sands affirmatively stated that he had "no objection" to its admission.

Sands contends the trial court's comment indicated that it was overruling his motion and granting him a running objection to the State's evidence. The trial court never explicitly ruled on Sands's objection. To preserve this matter for appellate review, Sands should have sought a ruling and objected to the court's refusal to rule. See Tex.R.App. P. 33.1(a). Failing to do so constituted a failure to preserve this matter for review.

This is not a case in which the trial court's subsequent actions clearly addressed the complaint, thus excusing Sands's need to get an express ruling. See State v. Kelley, 20 S.W.3d 147, 153 n. 3 (Tex.App.Texarkana 2000, no pet.). In Rey v. State, 897 S.W.2d 333, 336–37 (Tex. Crim.App.1995), the Texas Court of Criminal Appeals held the defendant's motion was "implicitly overruled" when he twice requested the trial court to make a ruling, later stated that the trial court had denied his motion, and neither the trial court nor the State corrected his statement. In Chappell v. State, 850 S.W.2d 508, 509 n. 3, 510 (Tex.Crim.App.1993), the Court of Criminal Appeals held that the trial court overruled the defendant's objection to the

jury shuffle when it granted the State's motion to shuffle. In Ramirez v. State, 815 S.W.2d 636, 650 (Tex.Crim.App.1991), the Court of Criminal Appeals held the trial judge "implicitly overruled" the defendant's objection to the State's question by directing the witness to answer the question. In Beebe v. State, 811 S.W.2d 604, 605 (Tex.Crim.App.1991), the Court of Criminal Appeals held the trial court's statement—that it would attempt to dispose of all pending cases if "humanly possible" in the morning—was sufficient to preserve error when the defendant requested additional time to prepare for trial after the trial court denied his motion to quash the indictment.

■ In the present case, the trial court affirmatively stated that it was carrying Sands's motion along. Sands never requested a ruling and never objected further. Rather, he indicated he had "no objection" when the State offered its evidence. When a defendant challenges the admissibility of evidence in a hearing outside the jury's presence, but states that he has "no objection" when the evidence is offered at trial, he has waived his admissibility complaint on appeal. Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App.1988); Moraguez v. State, 701 S.W.2d 902, 904 (Tex.Crim.App.1986); Welch v. State, 993 S.W.2d 690, 694 (Tex.App.San Antonio 1999, no pet.).

Sands next contends the trial court erred in denying his motion for mistrial, which he based on the prosecutor asking an improper question. The record shows that the car in which Sands was riding was stopped in front of 305 Moore Street, which an officer testified was rumored to be an illegal methamphetamine manufacturing facility. That address was the home of David Bailey; the driver of the car was James Baxley. On redirect exami-

nation, the State asked the officer the following:

Q Can you tell us whether or not you also had [sic] rumors about Mr. Baxley, the driver of the vehicle, and his association with Mr. Bailey?

A Yes, sir.

Q Do you know some things about that?

A Yes.

Q That they were associates?

A Yes. Sometimes Mr. Baxley actually stays there at 305 Moore Street from what I had been told.

Q Can you tell us whether or not Mr. Baxley and Mr. Bailey currently have charges pending for manufacture of methamphetamine?

[DEFENSE ATTORNEY]: Objection, relevance, your Honor.

THE COURT: Sustain your objection.

[DEFENSE ATTORNEY]: May we approach?

THE COURT: You may.

(PROCEEDINGS HAD AT THE BENCH ON THE RECORD)

[DEFENSE ATTORNEY]: Judge, he's putting in front of the jury another man's extraneous conduct. I have a Motion in Limine on that. We were going to approach the bench prior to that. I want an instruction as to my Motion in Limine.

THE COURT: Sustain the objection. Would you like to ask for an instruction to the jury?

[DEFENSE ATTORNEY]: I would, your Honor, request an instruction.

(PROCEEDINGS BEFORE THE JURY)

THE COURT: Ladies and gentlemen, disregard the last question and answer and don't consider it for any purpose.

You may proceed.

[DEFENSE ATTORNEY]: Your Honor, I don't feel the instruction is sufficient. I would make a Motion for Mistrial.

THE COURT: Overruled.

■■■■ Sands contends the trial court should have granted him a mistrial after sustaining his objection to the State's questions regarding pending charges against Bailey and Baxley.[1] We review a trial court's denial of a mistrial under an abuse of discretion standard. *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). Mistrial is an extreme remedy, and reviewing courts rarely reverse a trial court for refusing to grant a mistrial after an improper question. *Id.* Most often, error from an improper question can be cured or rendered harmless by its withdrawal or an instruction to disregard. *Id.;* *Hernandez v. State*, 805 S.W.2d 409, 413–14 (Tex.Crim.App.1990). The exception occurs in extreme cases where the question is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of with-

1. Later, the State presented evidence that an inventory search of Sands's car revealed three boxes of antihistamine tablets, which a Department of Public Safety chemist testified are used in the manufacture of methamphetamine. Sands objected to this testimony based on relevance, but the trial court overruled his objection. On appeal, Sands contends this evidence was also meant to portray him as a manufacturer of methamphetamine.

However, he does not contend the trial court erred in overruling his objection regarding the relevance of the inventory search. Therefore, to the extent Sands complains about the State's conduct in pursuing these questions, it cannot be said that the State engaged in improper questioning, because the trial court clearly allowed its questions about the inventory search.

drawing the impression produced. *Hernandez,* 805 S.W.2d at 414.

 Whether a curative instruction is effective depends on the facts and circumstances of each case. *Wood,* 18 S.W.3d at 648. The question is essentially one of balancing the magnitude of the probable effect of the question on the jury against the probable efficacy of an instruction to disregard. *Hardin v. State,* 20 S.W.3d 84, 93 (Tex.App.Texarkana 2000, pet. ref'd). The greater the magnitude of effect, the less likely it is that an instruction would cure the harm. *Id.* Courts weigh several nonexclusive, nonexhaustive factors in measuring whether an instruction to disregard will cure the harm of an improper question: (1) the weight of other evidence supporting the verdict; (2) the nature and form of the question (e.g., whether the question was stated as a fact designed to elicit specific evidence of a specific extraneous offense or bad act); (3) the State's purpose and persistence in asking the question; (4) whether other evidence concerning the same subject has been admitted; (5) the particular instruction given; and (6) the harm to the accused as measured by the severity of the sentence. *Id.*

Here, the trial court did not abuse its discretion in denying Sands's request for a mistrial. The trial court gave a prompt and thorough instruction that the jury was to disregard the State's question and not consider it for any purpose. The State did not further pursue questions concerning Bailey and Baxley's relationship or that they may have had pending charges of manufacturing methamphetamine. Testimony had already come before the jury concerning the fact that Bailey and Baxley were associates.

Sands next contends the trial court erred in overruling his requested jury charge on mistake of fact.[2] The requested jury charge follows the basics of the mistake-of-fact charge in 8 MICHAEL J. McCORMICK ET AL., TEXAS PRACTICE: TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 102.03 (10th ed.1995).

Sands testified that he received the syringe from Julie Mason, believing it contained vitamin B 12; that he had received vitamins and antibiotics from Mason in the past; that he had been sick for about a month and had been "doing high potency injections of multiple-purpose vitamins"; that he did not pay any money for the syringe and its contents; and that he has used methamphetamine in the past, but that Mason had never sold or given him methamphetamine.

 The State contends there was no evidence concerning what Mason told Sands about the syringe and no evidence showing conduct by Mason on which Sands could have relied to form his mistaken belief. However, these are matters that go to prove the reasonableness of Sands's belief. Reasonableness is a question for the jury. *Granger v. State,* 3 S.W.3d 36, 38 (Tex.Crim.App.1999).

On appeal, he contends the jury should have been charged on the issue of mistake

---

2. Sands's requested charge read as follows:
 You are instructed that it is a defense to prosecution that a person through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.
 A reasonable belief means a belief that would be held by an ordinary and prudent man in the same circumstances as the defendant.
 So, if you find from the evidence in this case that at the time defendant was in possession of the methamphetamine in question he acted under a mistake of fact, that is, a reasonable belief that it was not methamphetamine, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

of fact because his testimony establishes that he did not have the culpable mental state necessary to be guilty of possession of methamphetamine. "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PEN.CODE ANN. § 8.02(a) (Vernon 1994).

A defendant is entitled to an instruction on any defensive theory, including mistake of fact, if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Id.* The rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. *Id.* If the evidence viewed in a light favorable to the appellant does not establish a mistake of fact defense, an instruction is not required. *Id.*

The State relies on *Bruno v. State*, 845 S.W.2d 910 (Tex.Crim.App.1993), to support the trial court's action. In *Bruno*, the defendant was charged with unauthorized use of a motor vehicle. *Id.* at 911. He testified he had the complainant's permission to use her car; the complainant testified he did not. *Id.* The trial court gave the jury a mistake of fact instruction, but the defendant contended the instruction reduced the State's burden of proof. *Id.* at 912.

A three judge plurality of the Texas Court of Criminal Appeals concluded that the charge, as given, properly placed the burden of proof on the State. *Id.* The plurality also commented that the defendant was not entitled to a mistake-of-fact instruction because the jury could not have decided both (1) that the defendant reasonably believed he had the complainant's permission to use her car and (2) that the

complainant had not given him such permission. *Id.* at 912 13.

*Bruno* is a plurality opinion and therefore is not binding precedent. *See Pearson v. State*, 994 S.W.2d 176, 177 n. 3 (Tex.Crim.App.1999); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App.1999). Also, the comments in the plurality opinion in *Bruno* are dicta because an instruction on mistake of fact was given and the issue in the case was whether the charge properly placed the burden of proof on the State.

In the more recent case of *Granger v. State*, the Court of Criminal Appeals, in addressing the entitlement of the defendant to a mistake-of-fact instruction, does not cite *Bruno* as precedent. The concurring opinion in the present case states that *Bruno* is precedent because six judges concurred in the result. Concurring in the result does not constitute making the language supporting the concurring opinion's position the language of the majority, because the appeal in the case was based on whether the jury charge properly placed the burden of proof on the State, and the holding in the case was that the jury charge properly placed the burden of proof. A concurrence in the result could not be considered to support the reasoning of the court. If the three judges concurring had meant to support the language of the decision, they would not likely have concurred in the result only. The three other judges, while concurring in a separate opinion that the mistake-of-fact instruction was unnecessary in the *Bruno* situation, expressed that the defense of mistake of fact should not be limited to third-party cases. These justices did not concur in the language of the plurality opinion. Thus, the urging of the concurring opinion that this opinion constitutes a majority opinion cannot be accu-

rate. The concurring opinion cites courts of appeals opinions on the mistake-of-fact instruction. These opinions would not have the effect of overruling the Texas Court of Criminal Appeals. The only Court of Criminal Appeals case cited by the concurring opinion is *Davis v. State*, 651 S.W.2d 787 (Tex.Crim.App.1983). This is not a mistake-of-fact instruction case.

Reviewing other Court of Criminal Appeals cases on the mistake-of-fact defense, we do not find any recent cases that do not require mistake-of-fact instruction when the evidence raises a mistake-of-fact defense.[3]

Three of the most recent cases on this subject from the Court of Criminal Appeals involved theft of an automobile: *Gardner v. State*, 780 S.W.2d 259 (Tex. Crim.App.1989); *Woodfox v. State*, 742 S.W.2d 408 (Tex.Crim.App.1987); and *Lynch v. State*, 643 S.W.2d 737 (Tex.Crim. App.1983). In all of these cases, the Court determined that the defendant was entitled to an instruction on the mistaken belief of the owner of the vehicle. In the case of *Beggs v. State*, 597 S.W.2d 375 (Tex.Crim.App. [Panel Op.] 1980), which involved a prosecution for injury to a child, the Court of Criminal Appeals held that the trial court committed reversible error in not giving the requested mistake-of-fact

charge concerning whether the defendant mistakenly believed the temperature of the bath water that scalded the child was normal.

In the most recent case of *Granger v. State*, the Court of Criminal Appeals held that where the defendant testified that he believed the car was unoccupied at the time he fired shots into the car, killing the victim, the issue should have been determined by the jury after it had been instructed on mistake of fact. The issue before the Court was whether the trial court properly refused the instruction because the evidence of his mistaken belief was not reasonable. The Court held that whether the evidence was reasonable was not a matter for the determination of the trial judge, but was a decision for the jury.

 Thus, in accordance with the decisions from the Court of Criminal Appeals and the statute being interpreted, an instruction on the mistake-of-fact defense should be given when evidence raising the issue of whether the actor formed a reasonable belief about a matter of fact, if his mistaken belief negated the kind of culpability required for the commission of the offense. Even if this instruction is repetitive to the required proof that the jury find beyond a reasonable doubt that Sands

---

**3.** There are a number of courts of appeals opinions discussing when this instruction should be given to the jury. Some of these opinions suggest that the Legislature in Section 8.02 of the Penal Code did not intend to require a useless act by instructing a jury a second time on the elements of the offense that are required to be found for a conviction. TEX. PEN.CODE ANN. § 8.02 (Vernon 1994). These opinions suggest that if the issue raised in the requested instruction for a mistake of fact involves the same element that the State is required to prove beyond a reasonable doubt as an element of the crime, then an additional instruction on that matter is not necessary, but when a defense to the prosecu-

tion arises that does not constitute an element of the offense, a mistake-of-fact instruction should be given to the jury. *See Traylor v. State*, 43 S.W.3d 725 (Tex.App.—Beaumont 2001, no pet. h.); *Bertrand v. State*, 22 S.W.3d 660 (Tex.App.—Amarillo 2000, pet. ref'd). An example of this situation would be a case charging theft of an automobile when the indictment alleges that the defendant did not have permission of the true owner who is named in the indictment, and while this element is true, the defendant raises the defense that he believed someone else from whom he had permission to be the rightful owner of the vehicle.

intentionally and knowingly committed this required element of the crime, this statute as interpreted by the Court of Criminal Appeals requires that such an instruction be given to the jury. This point is sustained.

■ We next address whether the failure to give this instruction was harmful error. The standard of review for assessing harm from errors in the jury charge depends on whether the defendant made a timely objection. *Ovalle v. State,* 13 S.W.3d 774, 786 (Tex.Crim.App.2000) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g)). When the defendant makes a timely objection, reversal is required if the error causes some harm. *Ovalle,* 13 S.W.3d at 786. We must assess the harm in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of probative evidence, the argument of counsel, and any other evidence revealed by the record as a whole. *Id.*

■ "The giving of a proper instruction upon timely request and when raised by evidence in the case simply guarantees the jury the opportunity to make a fully informed decision...." *Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App. 1991). The State's case depended on establishing that Sands had the requisite culpable mental state because the actual presence of methamphetamine in the syringe was largely uncontested. However, the court's charge includes a requirement of a culpable mental state for the elements of a crime charged. The requirements of culpability are set forth in Section 6.02 of the Texas Penal Code, and the definitions of the culpable mental states are set out in Section 6.03 of the Texas Penal Code. TEX. PEN.CODE ANN. §§ 6.02, 6.03 (Vernon 1994). A person's *criminal culpability requires* a showing that he or she acted purposefully, knowingly, recklessly, or negligently as the law may require, with respect to each material element of the offense. *See* BLACK'S LAW DICTIONARY 385 (7th ed.1999).

■ Sands's primary defense at trial was his own testimony that he believed the syringe contained vitamins. The indictment charged that Sands did *"intentionally* and *knowingly* possess a controlled substance, namely, Methamphetamine, in an amount of less than one gram, including any adulterants and dilutants." (Emphasis added.) In cases where the charge covers the culpable mental state involving the act, but does not cover attendant circumstances such as the mistaken belief that a third party who gave consent for use of the vehicle was the owner of the vehicle, failure to give a mistake-of-fact instruction does not directly put forward to the jury the consequences of such a mistake, if such a mistake exists. Although the Court of Criminal Appeals found in *Granger* that an instruction on the mistake-of-fact defense was required, the Court remanded the case to the court of appeals for application as to whether the appellant suffered harm as a result of the error. In the present case, the jury came face-to-face with making a decision of whether Sands intentionally and knowingly possessed methamphetamine. This puts squarely in point the question of whether Sands mistakenly believed that the contents of the syringe contained vitamins or he intentionally and knowingly possessed methamphetamine. In this situation, Sands was not denied the right to have the jury consider the defense that he raised concerning a mistake-of-fact defense. Therefore, we find that the failure to submit the requested instruction on mistake of fact was not harmful error.

The judgment of the trial court is affirmed.

WILLIAM J. CORNELIUS, Chief Justice.

I disagree that it was error for the trial court to refuse Sands' requested mistake-of-fact instruction. The case of *Bruno v. State* governs this situation and announces what has long been the rule in Texas. In that case, the Court of Criminal Appeals held that when the charge actually given to the jury adequately covers the mistake-of-fact issue, and because the language in the charge actually given the jury must necessarily have found against the defendant's affirmative defense of mistake-of-fact, a separate instruction on that defensive theory is not necessary. *Bruno v. State*, 845 S.W.2d 910 (Tex.Crim.App. 1993). The holding in *Bruno v. State* has been followed and buttressed by other cases such as *Traylor v. State*, 43 S.W.3d 725 (Tex.App.—Beaumont 2001, no pet. h.), and our own case of *Sarver v. State*, 24 S.W.3d 448 (Tex.App.Texarkana 2000, pet. ref'd). *See also Davis v. State*, 651 S.W.2d 787 (Tex.Crim.App.1983). Moreover, I do not agree that *Bruno v. State* is without precedential value on this issue. Three judges of the Court of Criminal Appeals joined in the opinion in *Bruno v. State*, three judges concurred, and three other judges concurred in the result. In fact, Judges Baird, Miller, and Meyers expressly noted that it was not necessary to give the mistake-of-fact instruction in that case. The trial court's refusal to give the mistake-of-fact instruction in that case was a critical issue, and if the court had found that issue in favor of the defendant, the case would have been reversed. The Court did not reverse the case. I believe we should follow the Court of Criminal Appeals' holding in *Bruno v. State*. I also believe we should follow our own decision in *Sarver v. State*, 24 S.W.3d 448, and the decisions in *Davis v. State*, 651 S.W.2d 787, and *Traylor v. State*, 43 S.W.3d 725.

In this case, the jury was instructed that in order to convict Sands, it must find that he intentionally or knowingly possessed the methamphetamine, and if it did not so find, it must acquit him. The charge also defined "intentionally" and "knowingly." Thus, the charge given adequately instructed the jury on Sands' affirmative defense of mistake of fact. The jury could not have believed Sands' testimony and also have found him guilty under the charge as given. Therefore, a charge on mistake of fact was not necessary. *Bruno v. State*, 845 S.W.2d 910.

Even if the trial court should have given the mistake-of-fact instruction, the error is clearly harmless because the issue of Sands' culpable mental state was submitted to the jury in the court's main charge. The jury thus ruled on Sands' affirmative defense.

Because the majority finds any error to be harmless, I concur in the result.