In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00220-CR
______________________________


HARDIS LATRIL BARNES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 32,046-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Hardis Latril Barnes appeals from his conviction by a jury for possession of a
controlled substance, over 400 grams of cocaine, with intent to deliver. The jury found that
he had been convicted of a felony crime at least twice previously and assessed his
punishment at life imprisonment. The trial court sentenced him accordingly. 
          Barnes appeals, bringing six points of error. The first four involve his contention that
the court erred by failing to suppress evidence obtained after a traffic stop. He further
contends that the court erred by overruling his hearsay objection to the arresting officer's
testimony that the dispatcher had told him the car was registered to Barnes and that the
court erroneously failed to admonish the jury not to read newspaper articles about the
case—and by refusing his request to examine individual jurors—based on the possibility
that they might have read a newspaper article released during the trial.
          The record shows that Barnes was stopped for following too closely behind another
vehicle. After a brief discussion with Barnes, the officer issued a warning ticket. The
officer thought that Barnes was acting oddly and that his story concerning his travels was
implausible. He therefore asked Barnes for consent to search his pickup truck. Barnes
said yes, and inside the rear seat the officer found a cardboard box containing 1,002.87
grams of cocaine. 
          Barnes first contends the traffic stop was unlawful because the officer did not
provide sufficient reasons to justify the stop, that the length of detention was excessive,
and that the search was unlawful because the consent was coerced. 
          At a suppression hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses, and our review of his ruling is limited to a determination of
whether the trial court abused its discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.
Crim. App. 1999). The general rule is that an appellate court should afford almost total
deference to a trial court's determination of the historical facts that the record supports,
especially when the trial court's fact-findings are based on an evaluation of credibility and
demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). We are also to
afford such deference to a trial court's ruling on the "application of law to fact questions,"
also known as "mixed questions of law and fact," if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor. However, where the
underlying facts are undisputed, mixed questions of law and fact must now be reviewed
de novo. Id. at 855; Hernandez v. State, 957 S.W.2d 851 (Tex. Crim. App. 1998).
          In the present case, the officer testified he stopped the vehicle because the driver
was following too closely behind another vehicle. He did not testify about estimated
distances, or about vehicle speed, and counsel argues that his testimony was so imprecise
as to fail to provide sufficient facts for the court to find that Barnes was violating a traffic
law at the time of the stop.
          The initial question before us is whether the claims of error have been preserved for
our review. A pretrial hearing was conducted on Barnes' motion to suppress, and the
motion was denied. However, when the State offered its exhibit—the box and the cocaine
seized—counsel stated he had no objection. "[W]hen the defendant affirmatively asserts
during trial he has 'no objection' to the admission of the complained of evidence, he waives
any error in the admission of the evidence despite the pre-trial ruling." Moraguez v. State,
701 S.W.2d 902, 904 (Tex. Crim. App. 1986); accord Sands v. State, 64 S.W.3d 488, 491
(Tex. App.—Texarkana 2001, no pet.).
          Nonetheless, Barnes contends that, even if the contraband was properly admitted,
error is still shown because he did not affirmatively waive his objection to other evidence
or testimony obtained as a result of the unlawful stop. Barnes specifically refers to "all
observation[s] made by Officer Freeman after the stop and the entire testimony of the
chemist who testified as to the lab results." 
          Barnes' argument is logically flawed. Even assuming the stop was unlawful, the
actual contraband itself—the gravamen of the offense—was nonetheless admitted. The
purpose of the suppression hearing was to determine the admissibility of the fruits of the
search. When Barnes waived his objection to admission of the cocaine by affirmatively
stating that he had "no objection," any further objections he had to Freeman's testimony
about the surrounding circumstances leading to the search, and the chemist's testimony
concerning the laboratory analysis of the fruits of that search, all became moot. 
          Thus, the question of whether the stop was lawful is moot. The further question
raised by Barnes of whether the consent was valid is also moot, although we note that
there is nothing shown by the record that supports his position that the consent was not
validly obtained.


 Our determination also disposes of Barnes' contention that the court
erred by failing to grant his motion for directed verdict, based on his position that the
evidence was improperly before the court.
          Barnes next contends that the trial court abused its discretion by allowing the officer
to testify about information he obtained from the police dispatcher, identifying Barnes as
the registered owner of the vehicle. Barnes objected to the testimony as being hearsay. 
Unlike other cases involving the recounting of information provided by a dispatcher, in this
situation, the testimony was provided for the truth of the matter asserted.


 We also
recognize that hearsay is generally admissible at a hearing where probable cause is at
issue.



          Hearsay is defined as a statement, other than one made by the declarant while
testifying at the trial or hearing, offered in evidence to prove the truth of the matter
asserted. See Tex. R. Evid. 801(d). "Matter asserted" includes any matter explicitly
asserted, and any matter implied by a statement, if the probative value of the statement
as offered flows from the declarant's belief as to the matter. See Tex. R. Evid. 801(c). 
Hearsay evidence is not admissible. See Tex. R. Evid. 802.
          In this instance, probable cause is not the issue, and the testimony did not provide
general context. Rather, it provided specific proof that was then used to link Barnes to
ownership of the vehicle. However, it is also true that the admission of hearsay evidence
does not constitute reversible error if the same facts were proven by evidence introduced
without objection. See Thomas v. State, 621 S.W.2d 158, 164 (Tex. Crim. App. [Panel
Op.] 1980). If the fact to which the hearsay relates is sufficiently proven by other
competent and unobjected-to evidence, admission of the hearsay is properly deemed
harmless. Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); Rosales v. State,
932 S.W.2d 530, 536 (Tex. App.—Tyler 1995, no pet.).
          In this case, there was evidence offered through a videotape of the incident in which
Barnes responded to a question by the officer by stating that the truck was his. Barnes
affirmatively stated he had no objection to the admission of this videotape. Accordingly,
proof of ownership was adequately shown, and the erroneous admission of hearsay
testimony was harmless. The contention of error is overruled.
          Barnes next contends the court abused its discretion by denying his motion for a
mistrial, which was based on a newspaper article published during the course of the trial. 
He complains that, even though the jurors were admonished at voir dire not to be
influenced other than by the evidence, and not to do research on the internet, the court did
not tell the jurors that they should not read newspaper articles about the case. The day
the newspaper article in issue was published was the day after jury selection and the day
before testimony was scheduled to begin. The article set out Barnes' history of drug
arrests and his pending bail-jumping charge. Based on this article, Barnes asked the court
for a mistrial and asked to poll the jury, asking the jurors whether they had read any
newspaper articles. The court overruled the motions. 
          Insofar as the argument attacks the adequacy of the admonishments by the court,
it has been waived by Barnes' failure to object at the time such admonishments were given. 
The court gave admonishments to the jurors, constituting more than four pages in the
reporter's record, that they were to be governed in their deliberations only by the evidence
adduced at trial and not by "outside influences." At the end of this lengthy admonishment,
the court then asked, "Anything further from either side?" Each side responded, "No, Your
Honor." Barnes clearly waived any objection to the adequacy of the admonishments. 
          Barnes also contends the court abused its discretion by declining to question or poll
the jury to determine whether any juror had seen the article. In Powell v. State, 898
S.W.2d 821, 828 (Tex. Crim. App. 1994), the court approved a judge's refusal to poll jurors
to determine whether any of them had read a newspaper article about the criminal
occurrence at bar—based partly on the admonishments not to read articles about the case. 
The court went on to reason that the decision before the trial court was to 
either deny appellants the request for a jury poll concerning the contents of
the Enterprise article, or it could grant appellant's request, poll the jury, and
risk exposing the jury to the existence of the article and its contents for the
first time. 
Id.
          In this case, the court noted that it had seen the article in question and that it had
directed the jury not to be subjected to any outside influence. Barnes acknowledged that
the court had already told the jurors that "they can't do stuff like that, that they can't look
at the news and do independent investigation." In Powell, it appears that the court, by
working through its reasoning, was reviewing the trial court's decision to determine whether
it abused its discretion in reaching that decision. We likewise apply an abuse of discretion
standard here, and based on the acknowledgments made by Barnes, and based on the
trial court's consideration of its own admonishments to the jury to only consider the
evidence placed before it at the trial, we conclude the court's ruling was based on guiding
rules and principles. We, therefore, conclude the trial court did not abuse its discretion by
declining the request to render a mistrial.



          We affirm the judgment.




                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      March 17, 2006
Date Decided:         May 19, 2006

Do Not Publish