Affirmed and Opinion filed April 28, 2009








 

Affirmed
and Opinion filed April 28, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00735-CR

____________

 

KARISSA LOU HOPSON, Appellant

 

v.

 

THE STATE OF
TEXAS, Appellee

 

 



 

On Appeal from the
217th District Court

Angelina County,
Texas

Trial Court Cause
No. CR-27551

 



 

M E M O R
A N D U M  O P I N I O N

Appellant,
Karissa Lou Hopson, was arrested at a house in Lufkin on July 7, 2007 and was
charged with two offenses: (1) burglary, by entering a habitation without the
owners= consent and with the intent to
commit theft; and (2) criminal mischief, by intentionally or knowingly damaging
or destroying tangible property without the owners= consent.  See Tex. Penal
Code Ann. ' 30.02 (Vernon 2003) (burglary); id. ' 28.03 (Vernon Supp. 2008) (criminal
mischief).  A jury convicted appellant of both offenses.








On
appeal of her burglary conviction,[1] appellant
insists that the evidence raised a fact issue as to whether she mistakenly
believed she was preventing, not committing, a theft.  She
contends that this evidence required the trial court to submit a
mistake-of-fact instruction to the jury, and that she was harmed by the trial
court=s refusal to do so.  Because we hold
that the requested instruction was not necessary, the trial court=s judgment is affirmed.

Background

On July
7, 2007, police officers were summoned to a residence to investigate a
suspected burglary in progress.  Upon arrival, the officers saw appellant
standing on the front porch of the house, holding a large television. 
Appellant set the television on the porch and approached the officers, claiming
that she knew the house owners and that she had their permission to be on the
property.  However, the officers noticed that several of the house windows had
been broken and that appellant had blood on her shirt and hand.  The officers
also saw that portions of the interior of the house, including furniture, had
been damaged.  

Appellant
was arrested at the scene.  The owners of the house arrived at the scene
roughly thirty minutes later.  Both owners indicated that they did not know
appellant, and they denied giving her permission to enter the premises or to
remove their television from the house.

The
State charged appellant with burglary and criminal mischief.  Appellant pleaded
Anot guilty@ to both offenses, and a jury trial
ensued.  Appellant testified on her own behalf and, although she acknowledged
that she had entered the residence and that she was carrying the owners= television when the police arrived,
she offered a different interpretation of these undisputed facts.  That is, she
contended that she believed that, through her actions, she was actually
thwarting a burglary that was being committed by another man, Cayetano
Padierna.








In
support of this contention, appellant testified that she had stopped at the
house to visit the owners, who were her friends.  When she arrived, both owners
were gone.  In their place was Padierna, whom she did not know, who was
removing items from the house.  Thinking that Padierna was stealing from the
owners, appellant confronted him and he left.[2] 
Appellant then walked to the side of the porch, where she found the
television.  She picked the television up, claiming that she meant to return it
to the house, when the policeCwho had been summoned by PadiernaCarrived and arrested her.

Based on
her testimony, appellant contended that she reasonably, but mistakenly,
believed Padierna was stealing from the owners and that, by picking up the
owners= television, she was acting with the
intent to prevent, not commit, a theft.  Appellant asked the trial
court to submit the following mistake-of-fact instruction to the jury:

A defendant who thought she was performing activity may lack the
necessary criminal intent where she reasonably believes she acted to prevent a
crime.  If you believe that at the time of the offense charged, [appellant]
reasonably believed that she acted to prevent a [t]heft, then you must find her
not guilty.

 

The trial judge refused
the requested instruction.  

The jury
found appellant guilty of burglary and Class A misdemeanor criminal mischief. 
The trial court assessed punishment as follows:  (1) for burglary, twelve years= incarceration in the Texas
Department of Criminal Justice, Institutional Division; and (2) for criminal
mischief, confinement in the Angelina County jail for one year, with both
sentences to run concurrently.  Appellant timely brought this appeal, in which
she contends that the trial court erred by refusing to submit her requested
mistake-of-fact instruction, and that a reversal and remand for a new trial is
required.








                                                                    Analysis

Generally,
a defendant is entitled to submission of an affirmative defensive instruction
on every issue raised by the evidence even if the trial court thinks that the
testimony could not be believed.  See Chavers v. State, 991 S.W.2d 457,
459 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d).  In this case, appellant contends
that she raised a fact issue as to the mistake-of-fact defense, which is set
forth by section 8.02 of the Texas Penal Code: AIt is a defense to prosecution that
the actor through mistake formed a reasonable belief about a matter of fact if
his mistaken belief negated the kind of culpability required for commission of
the offense.@  Tex. Penal Code Ann. ' 8.02(a) (Vernon 2003). 

Appellant
contends her testimony, if believed, would negate a finding that she acted with
the intent to commit theft, that is, the degree of culpability required to
convict her of burglary.  Therefore, she argues that the trial court erred by
refusing to submit a mistake-of-fact instruction.  However, we hold that the
requested instruction was not necessary because appellant=s defenseCthat she lacked the requisite intent
to commit theft because of a mistaken beliefCwas adequately covered by the charge
submitted to the jury.  Therefore, we conclude the trial court did not err by
refusing to submit a defensive issue that merely denied the existence of an
essential element of the State=s case.  See Chavers, 991 S.W.2d at 460.

To
support her argument, appellant directs us to Bang v. State, in which
the Thirteenth Court of Appeals held that a mistake-of-fact instruction should
be submitted whenever raised by the evidence.  815 S.W.2d 838, 841 (Tex. App.CCorpus Christi 1991, no pet.). 
However, Bang was closely followed by Bruno v. State, in which
the Texas Court of Criminal Appeals indicated that a trial court is not always
required to submit an unnecessary mistake-of-fact instruction if the defense is
adequately covered by the charge as given.  845 S.W.2d 910, 913 (Tex. Crim.
App. 1993).








In Bruno,
the defendant was accused of unauthorized use of a motor vehicle but testified
that he believed he had the owner=s permission to drive the car.  See
id. at 911.  The Court of Criminal Appeals noted that, in some unauthorized-use
cases, the defendant alleges that he was given permission to operate the
vehicle by a third party he mistakenly believed to be the vehicle=s owner.  See id. at 912
(citing Gardner v. State, 780 S.W.2d 259, 263 (Tex. Crim. App. 1989)). 
Under those facts, a mistake-of-fact instruction becomes necessary because the
jury could find that (1) the defendant believed he had the consent of the third
party to use the vehicle, and (2) the true owner of the vehicle had not
given him permission.  Bruno, 845 S.W.2d at 912.  However, in the
absence of such a third party, the Court of Criminal Appeals determined that a
mistake-of-fact instruction was unnecessary:

In the
absence of this third party, the jury could not believe both the testimony of
[the] true owner of the vehicle and the testimony of appellant as it could in Gardner. 
Only one of the incompatible stories could be believed. . . .

The jury heard both stories.  As they would have necessarily been
required to disbelieve appellant=s
story before they could find sufficient evidence to convict, the instruction
need not have been given in the instant case.  Simply because appellant
testified that he had the consent of the owner of the vehicle does not entitle
him to a mistake of fact instruction.

 

Id. at 913.  Other courts have reached
similar conclusions.  See Traylor v. State, 43 S.W.3d 725, 730B31 (Tex. App.CBeaumont 2001, no pet.) (concluding
that mistake-of-fact instruction was unnecessary because, had jury believed
defendant=s story, it could not have convicted him under charge given); Sarver
v. State, 24 S.W.3d 448, 454B55 (Tex. App.CTexarkana 2000, pet. ref=d) (holding that trial court was not
required to submit independent-impulse instruction that was already adequately
covered by charge); see also Sands v. State, 64 S.W.3d 488, 495B96 (Tex. App.CTexarkana 2001, no pet.) (concluding
that mistake-of-fact instruction should have been given but holding that,
because jury was Asquarely@ presented with defense of mistake, failure to submit
requested instruction was not harmful).








Here,
the jury heard appellant=s story.  The effect of her testimony, and the thrust of her
requested instruction, amounted to an attempt to convince the jury that her
intent was something other than the criminal intentCthat is, the intent to commit theftCthat was necessary for the commission
of a burglary.  However, to convict her of that offense, the State was already
required to prove beyond a reasonable doubt that appellant entered the house,
without the effective consent of the owners, with the intent to commit theft. 
See Tex. Penal Code Ann. ' 30.02(a)(1); Coleman v. State,
832 S.W.2d 409, 413 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d) (AIntent, as an essential element of
the offense of burglary, must be proved by the State beyond a reasonable doubt;
it may not be left simply to speculation and surmise.@).  To that end, the jury received
the following instruction:

[I]f you
believe from the evidence beyond a reasonable doubt, that the defendant, . . .
on or about the 7th day of July, 2007, in the County of Angelina, and State of
Texas, as alleged in the indictment, did then and there, with intent to
commit theft,[3] enter a
habitation, without the effective consent of Gregorio Cartagena or Cayetano
Ramirez, the owner thereof, you will find the defendant guilty of the offense
of Burglary of a Habitation and so say by your verdict, but if you do not so
believe, or if you have a reasonable doubt thereof, you will acquit the
defendant and say by your verdict ANot
Guilty.@

 

The jury was also
specifically instructed that it had to acquit the appellant if the State failed
to prove, beyond a reasonable doubt, each and every element of the charged
offense.  Thus, unless the jury found that appellant intended to commit theft,
it was required to acquit her of burglary.








Therefore,
under these facts, the trial court was not required to submit a defensive issue
that, in the context of this case, did no more than recast the required element
of criminal intent as a defensive issue.  See Goodrich v. State, 156
S.W.3d 141, 147 (Tex. App.CDallas 2005, pet. ref=d); Chavers, 991 S.W.2d at
460; see also Davis v. State, 651 S.W.2d 787, 792 (Tex. Crim. App. 1983)
(AWhen a refused charge is adequately
covered by the charge given, no harm is shown.@).  As in Bruno and Traylor,
appellant could not have been convicted under the charge given had the jury
believed her story that she lacked the intent to commit theft.  Apparently,
they did not.

The
facts of this case may be contrasted with Bang, in which the defendant
acted on a mistaken belief that his friend, Jesse Mouton, the principal actor
in the burglary, actually owned the property in question.  See Bang, 815
S.W.2d at 840.  In that case, Jerry Bang agreed to drive Mouton, a minor, to a
particular location and pick him up later.  See id.  When Bang returned,
Mouton had an amplifier, a guitar case, and other items which Mouton claimed he
owned.  See id.  The items were placed in the trunk of Bang=s vehicle and driven to another
location.  See id.  Ultimately, it was determined that the property had
been stolen from a church, and Bang was charged with burglary.  See id.
at 839.

Bang
admitted that he intentionally performed certain acts that resulted in a
burglary and theft of property.  However, he claimed not to know that, through
his conduct, he was participating in a burglary and theft.  See id. at
842.  Specifically, not knowing that the church was the true owner of
the stolen items, Jerry Bang intended to appropriate property in a manner that
deprived the actual ownerCthe churchCof its property, and such appropriation was unlawful because
it was done without the owner=s consent.  See Tex. Penal Code Ann. ' 31.03(a) (Vernon Supp. 2008) (AA person commits an offense [of
theft] if he unlawfully appropriates property with intent to deprive the owner
of property.@); id. ' 31.03(b)(1)
(AAppropriation of property is unlawful
if . . . it is without the owner=s effective consent[.]@).  Under those facts, as in the
unauthorized-use cases highlighted in Bruno, a mistake-of-fact
instruction was necessary in Bang because the jury could have convicted
him of the elements of the crime, while still believing that he lacked the
requisite culpable mental state.  








Here, by
contrast, the jury was squarely required to decide whether appellant acted with
either the intent to commit theft or, under her version of the facts, with the
intent to prevent a theft.  As in Sands, the absence of a
mistake-of-fact instruction did not deprive appellant of the right to have the
jury consider her defense.  See Sands, 64 S.W.3d at 496.  Therefore, we
hold that the trial court was not required to submit a separate mistake-of-fact
instruction to the jury.  We overrule appellant=s only issue on appeal.

                                                                Conclusion

Accordingly,
we affirm the judgment of the trial court.

 

 

/s/      Kent C. Sullivan

Justice

 

 

Panel consists of Justices Seymore,
Brown, and Sullivan.

Do Not Publish.  Tex. R. App. P.
47.2(b).









            [1]  Appellant has
not appealed her conviction for criminal mischief.





            [2]  In his
testimony, Padierna explained that he had the owners= permission to enter the house and pick up coolers
that he used to sell drinks and refreshments at a nearby soccer field.





            [3]  Emphasis added.