**Affirmed and Memorandum Majority and Concurring Opinions filed August 29, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00598-CR

---

## CHERRY JAMILA PAYTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCR-078498B**

---

### MEMORANDUM MAJORITY OPINION

A jury found appellant Cherry Jamila Payton guilty of the first-degree felony of continuous sexual abuse of a young child. Tex. Penal Code Ann. § 21.02(b), (h). The jury assessed punishment at imprisonment for 30 years. Tex. Penal Code Ann. § 12.32(a). In her sole issue, appellant contends the trial court erred when it instructed the jury on the mistake-of-law defense instead of the mistake-of-fact defense.

# I.  BACKGROUND

Appellant is the mother of the complainant, Jane Doe. In accordance with their religious beliefs, when Jane was 13-years old, she was promised to be married to a 47-year-old man who also shared their beliefs. Before they were married and while Jane was still 13-years old, the man moved into Jane's home and began sleeping with Jane in her room. Jane testified at trial that she and her alleged fiancé began having sex. At a visit with a pediatric gynecologist, Jane revealed that she was in a sexual relationship with her 47-year-old alleged fiancé. The gynecologist filed a report with Child Protective Services to investigate. As a result of the investigation, appellant was charged with continuous sexual abuse of a child under the age of 14-years old, as was Jane's alleged fiancé.

At trial, Jane testified to her sexual relationship with her 47-year-old alleged fiancé, which continued over many months. She testified that her mother was aware of the relationship and encouraged it. Jane also testified that when she was 10-years old, appellant engaged in sexual contact with her because it was the only way to "gain salvation." Therefore, the jury charge contained multiple alternative theories of liability instructing the jury that it could convict appellant for her role in causing or assisting in Jane's sexual abuse by her fiancé or the jury could convict appellant for both her role in causing or assisting in Jane's sexual abuse by the alleged fiancé **and** appellant's direct sexual abuse of Jane.

## II.  ANALYSIS

In her sole issue on appeal, appellant asserts that the trial court should have given the jury an instruction on mistake of fact instead of mistake of law. As appellant points out, being mistaken as to the law is no defense to criminal liability in Texas, whereas a mistake of fact may negate the culpable mental state required for an offense. Tex. Penal Code Ann. §§ 8.02, 8.03.

## A. Standard of review and applicable law

A claim of jury-charge error is reviewed in two steps. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, then we analyze that error for harm. *Id*. "Preservation of charge error does not become an issue until we assess harm." *Id*. If a defendant does not properly preserve error by objection, any error in the charge "should be reviewed only for 'egregious harm' under *Almanza*." *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984 & 1985)).

Code of Criminal Procedure article 36.14 provides that the trial court " shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]" Tex. Code Crim. Proc. Ann. art. 36.14. "The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran de la Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)). A proper jury charge therefore consists of an abstract statement of the law and the application paragraph(s). *See Vasquez v. State*, 389 S.W.3d 361, 366–67 (Tex. Crim. App. 2012). The abstract paragraphs of a jury charge serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). Each statutory definition that affects the meaning of an element of the offense must be communicated to the jury. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009). The application paragraphs then apply the relevant law, the definitions found in the abstract portion of the charge, and general legal principles to the particular facts of the case. *Vasquez*, 389 S.W.3d at 366.

**B**. **No error in the charge**

We first consider whether there was error in the charge. *See Ngo*, 175 S.W.3d at 743. On appeal, appellant argues she "mistakenly believed that her religious beliefs negated her criminal liability."

The Penal Code provides a mistake-of-fact defense is "a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Penal Code Ann. § 8.02(a). "By 'kind of culpability' is meant 'culpable mental state.'" *Beggs v. State*, 597 S.W.2d 375, 378 (Tex. Crim. App. 1980). The mistake-of-fact instruction applies only with respect to elements that require proof of a culpable mental state. *Celis v. State*, 416 S.W.3d 419, 431 (Tex. Crim. App. 2013) ("we reaffirm our conclusion . . . in accordance with the intent of the drafters of the Texas Penal Code, an instruction on mistake of fact is limited to any culpable mental state required for the offense"). For example, if an offense requires that a party engage in certain conduct or act intentionally or knowingly, a mistake-of-fact defense should negate the kind of culpability required for the offense. *See, e.g.*, *Celis*, 416 S.W.3d at 432 (defendant's alleged mistake about being licensed to practice law in Mexico did not entitle defendant to mistake-of-fact instruction because "that statute does not require proof of a culpable mental state as to the licensing or good-standing elements, the mistake-of-fact instruction appellant sought did not negate the kind of culpability required for the offense"); *Sands v. State*, 64 S.W.3d 488, 494–96 (Tex. App.— Texarkana 2001) (defendant alleged mistake of fact because he thought syringe contained vitamin B-12 instead of methamphetamine when statute required intentional or knowing possession of methamphetamine); *see generally* 43 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 43:36 (3d ed. 2011 & Supp. 2023).

4

The offense of continuous sexual abuse of a young child, as defined by statute, does not include any culpable mental state.[1] *See* Tex. Penal Code Ann. § 21.02(b); *Lane v. State*, 357 S.W.3d 770, 776 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ("Section 21.02 need not prescribe some additional mental state because its *actus reus* is merely the repeated commission of acts already requiring culpable mental states."). The applicable culpable mental states are those required for the commission of the constituent offenses. In the charge, the jury was instructed on the elements of aggravated sexual assault of a child as the only applicable constituent offense for continuous sexual abuse of a young child:

> Our law provides that a person commits the offense of Aggravated Sexual Assault of a Child if, with a child younger than fourteen (14) years of age, the person intentionally or knowingly:
>
> > (1) causes the penetration of the sexual organ of a child by any means;
> >
> > OR
> >
> > (2) causes the penetration of the mouth of a child by the sexual organ of the actor;
> >
> > OR
> >
> > (3) causes the sexual organ of a child to contact the mouth, or sexual organ of another person including the actor;
> >
> > OR
> >
> > (4) causes the mouth of a child to contact the sexual organ of person, including the actor;
> >
> > OR

---

[1] A person commits the offense of continuous sexual assault of a young child if: (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is: (A) a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense. Tex. Penal Code Ann. § 21.02(b), (c) (defining "act of sexual abuse"). The offense of continuous sexual abuse of a young child does not contain any additional culpable mental state other than those of its constituent acts.

5

(5) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor.

*See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (2)(B).

To commit an aggravated sexual assault of a child, a defendant must engage in one of the five listed types of conduct intentionally or knowingly. Tex. Penal Code Ann. § 22.021(a)(1)(B). However, there is no dispute in this case that appellant was aware that Jane and the fiancé were involved in sexual conduct falling within the definition of aggravated sexual assault of a child. Appellant asserts no mistake about this. There was also uncontradicted testimony that appellant, herself, intentionally or knowingly engaged in conduct with Jane that falls within the definition of aggravated sexual assault of a child.[2] Therefore, appellant has asserted no mistake of fact that would negate the culpable mental state required for aggravated sexual assault of a child.

The mistake that appellant alleges on appeal is that she was mistaken in her belief that she did not have to follow the law because of her religious beliefs. That mistaken belief is not material to the elements of aggravated sexual assault of a child or continuous sexual abuse of a young child. And that mistaken belief does not negate her culpability for either offense. Because the instruction was not raised by the evidence, we conclude the trial court did not err in denying appellant's mistake-of-fact instruction. Therefore, we need not reach preservation or harm.

We overrule appellant's sole issue on appeal.

---

[2] In her appellate brief, appellant states that she is not alleged to have committed any acts of sexual abuse herself. However, this argument runs contrary to evidence received at trial and the jury charge. The jury charge included theories of liability that included appellant's own culpable conduct.

## III.  CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/     Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Bourliot, J., concurring).

Do Not Publish—Tex. R. App. P. 47.2(b).