

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00290-CR

---

CRISTIN PROVENCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2020-419203, Honorable John J. "Trey" McClendon III, Presiding

---

July 2, 2025

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Cristin Provence, Appellant, appeals from her conviction for burglary of a habitation with intent to commit kidnapping[1] under the law of parties.[2]  In her sole issue, Appellant challenges the trial court's denial of her request for a jury charge instruction on mistake of fact.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a)(1).

[2] *See* TEX. PENAL CODE ANN. § 7.02.

## BACKGROUND

Although Appellant does not challenge the sufficiency of the evidence to support her conviction, some discussion of the evidence is necessary to understand the issue raised in her appeal.

A jury heard evidence that Cassandra Provence and Matthew Schmude are the parents of eight-year-old C.S.,[3] the complaining witness in this case. For several months before the incident in question, C.S. was at the center of a contentious custody battle. A July 3, 2019 temporary order appointed Matthew as sole managing conservator of C.S. and ordered therapeutic/supervised visitation for Cassandra. Under this order, C.S. lived with Matthew and Chelsae, C.S.'s stepmother. The order further provided that Appellant, maternal aunt of C.S., was to have no contact with C.S. Notwithstanding this court order, the Friday after Thanksgiving in 2019, Appellant drove her sister, Cassandra, and her brother, Colby, from Amarillo to C.S.'s home in Lubbock. Before arriving, Colby had a friend, Preston Embry, approach C.S.'s home to confirm that it was her address and that she was there. Appellant waited in her truck outside the home while Colby and Cassandra went to the door. When Chelsae refused to open the door, Colby and Cassandra began to scream and yell for C.S. as they banged on the door and windows. C.S. hid in the master bedroom with Chelsae. Colby kicked in the door and he and Cassandra entered the home and grabbed C.S. Colby forcibly carried C.S. out of the home and put her in the back seat of Appellant's truck. As C.S. heard Appellant start the engine, she crawled across the back seat and jumped to safety out of the moving vehicle.

---

[3] To protect her privacy, we refer to the child by her initials.

2

Appellant was indicted for burglary of a habitation with intent to commit the felony offense of kidnapping under the law of parties.[4]  She testified that she took Cassandra to see C.S. for an agreed-upon visitation believing that Matthew had consented to the visit. She was unaware of the court order prohibiting her from contact with C.S. and limiting Cassandra's access to C.S.  Further, Appellant denied that there was any discussion about kidnapping C.S. or breaking into Matthew's house.  During the charge conference, Appellant's counsel requested a jury instruction on the defense of mistake of fact, which the trial court denied.

The jury found Appellant guilty and recommended punishment of ten years' probation.  The trial court entered judgment consistent with the jury's punishment recommendation.  Appellant timely filed this appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

When addressing a claim of jury charge error, an appellate court must first determine whether the jury charge is erroneous.  *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).  If error occurred, we must analyze that error for harm.  *Id.*  The amount of harm needed for reversal depends on whether the defendant preserved the error.  *Biera v. State*, 280 S.W.3d 388, 394 (Tex. App.—Amarillo 2008, pet. ref'd). Because Appellant timely objected to the error she urges on appeal, if we agree error occurred, we must reverse her conviction if we find the error caused Appellant "some" harm.  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

---

[4] Colby and Cassandra were also charged and had already pled guilty to their charges at the time of Appellant's trial.

3

Cases involving preserved charge error are to be affirmed only if no harm has occurred. *Biera*, 280 S.W.3d at 394. For harm to be reversible, it must be "actual" and not merely theoretical. *Sanchez v. State*, 376 S.W.3d 767, 774–75 (Tex. Crim. App. 2012). We assess the degree of harm from charge error in light of (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171.

It is a defense to prosecution that the defendant through mistake formed a reasonable belief about a matter of fact if her mistaken belief negated the kind of culpability required for the offense. *See* TEX. PENAL CODE ANN. § 8.02(a). To raise the defensive issue of mistake of fact, there must be evidence which negates the culpable mental state, i.e., intentionally and knowingly, required for the offense. *Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990) (en banc). Generally, a defendant is entitled to submission of an affirmative defensive instruction on every issue raised by the evidence, even if the trial court thinks that the testimony could not be believed. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Chavers v. State*, 991 S.W.2d 457, 459 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

As applicable here, a person commits burglary if, without effective consent of the owner, she enters a habitation with the intent to commit kidnapping. TEX. PENAL CODE ANN. § 30.02(a)(1). A person commits the offense of kidnapping when she knowingly or intentionally abducts another person. *Id.* § 20.03(a). Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, acting with

4

intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2).

## ANALYSIS

By her sole issue, Appellant contends that the trial court erred by refusing to instruct the jury in its charge on the defense of mistake of fact.

A defendant who properly requests an instruction on mistake of fact is entitled to the instruction if she presents some evidence that, through mistake, she formed a reasonable belief about a matter of fact and her mistaken belief would negate the intent or knowledge required for conviction. *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013). Assuming without deciding the trial court committed error in refusing a mistake-of-fact instruction, we must then determine whether the lack of instruction caused sufficient harm to warrant reversal of the conviction.

At trial, it was undisputed that Colby and Cassandra had committed the offense of burglary with the intent to commit kidnapping by entering Matthew's residence without his consent and abducting C.S. from the residence. *See* TEX. PENAL CODE ANN. §§ 20.03(a), 30.02(a)(1). The sole disputed issue was Appellant's intent. Colby testified that he had not spoken to Appellant or Cassandra prior to his decision to kick in the front door to the residence. Appellant testified her intent was only to provide transportation for her sister to visit C.S.; she did not attend any of the custody hearings and was unaware that a court order limited her or Cassandra's contact with C.S. After parking her vehicle, she turned the ignition off and waited across the street for Colby and Cassandra to return with C.S. According to C.S., as Colby threw her into the back seat of Appellant's vehicle, Appellant

5

placed her hand on C.S.'s leg, saying, "Come on, come on, hurry, hurry." C.S. managed to escape and jumped out of the vehicle as Appellant drove off.

Turning to the jury charge, the application paragraph of the trial court's charge stated as follows:

> Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about November 29, 2019, in Lubbock County, Texas, as alleged in the indictment, the defendant, CRISTIN PROVENCE, acting alone, or with intent to promote or assist the commission of the offense by CASSANDRA PROVENCE and/or COLBY PROVENCE by encouraging, directing, aiding, or attempting to aid CASSANDRA PROVENCE and/or COLBY PROVENCE to commit the offense, if any, by her own actions and conduct during the commission of said offense, did then and there without the effective consent of Matthew Schmude, the owner thereof, enter a habitation with intent to commit the felony offense of kidnapping, then you will find the defendant guilty of the offense of burglary of a habitation with intent to commit kidnapping and so say by your verdict.

The application paragraph provided that the jury could only convict Appellant if it found beyond a reasonable doubt that Appellant committed burglary of a habitation "with intent" to commit kidnapping. The terms in the application paragraph, "with intent" expressly relate back to the mental state necessary to commit the offense of kidnapping as defined in the definition portion of the charge. The terms in the application paragraph, "with intent to promote or assist" by "encouraging, directing, aiding, or attempting to aid" expressly relate back to the portion of the charge regarding the law of parties and states, that a person may be found criminally responsible if the person acted with an intent to promote or assist the commission of the offense. As charged, the issue of Appellant's intent was directly before the jury. As such, the trial court's charge permitted the jury to consider Appellant's mistaken belief of an agreed visitation with C.S. *See Mitchell v. State*, No. 07-15-00417-CR, 2017 Tex. App. LEXIS 7505, at *15 (Tex. App.—Amarillo Aug. 8, 2017,

6

pet. ref'd) (mem. op., not designated for publication) (denial of mistake-of-fact instruction harmless where charge covered mistake-of-fact issue and defendant's mental state).

The closing arguments also put the issue of Appellant's intent squarely before the jury. The prosecutor argued that "[i]ntent can be formed in an instant. [Appellant's] intent to help her brother and sister, to help her family, that decision could have been formed in an instant. This case comes down to who do you believe." Appellant's closing argument stressed the lack of her intent and plan to kidnap C.S. Defense counsel referred to the portion of the charge that defined intent and focused on the fact that Appellant lacked the requisite intent to be a part of the offense because she stayed in the parked vehicle and could not see the events transpiring at the front door. Appellant maintained "[s]he was caught up in a situation that [Colby] and [Cassandra] made that she is not responsible for." Moreover, defense counsel reminded the jury that the presumption of innocence in the charge is sufficient to acquit Appellant if they were unsure of Appellant's intent or whether she meant to further the commission of the offense. Nothing suggests that Appellant was unable to argue her defensive theory of the case despite the lack of an instruction on mistake of fact. As such, this factor weighs in favor of a finding that Appellant was not harmed.

Our review of the evidence, the jury charge, and the jury arguments leads us to conclude Appellant suffered no actual harm as a result of the trial court's denial of the mistake-of-fact jury instruction. The jury heard Appellant testify and counsel's argument that she lacked the requisite intent to kidnap C.S. because of her mistaken belief of an agreed visitation. Ultimately, the jury rejected Appellant's defense of mistake of fact. *See Sands v. State*, 64 S.W.3d 488, 496 (Tex. App.—Texarkana 2001, no pet.) (concluding

mistake-of-fact instruction not required because, had jury believed defendant's story, it could not have convicted him under charge given). Here, the jury was squarely required to decide whether Appellant intentionally assisted Colby and Cassandra in the kidnapping or, under her version of the facts, they were exercising an agreed visitation. As in *Sands*, the absence of a mistake-of-fact instruction did not deprive Appellant of the right to have the jury consider her defense. *See id.*

Finding Appellant suffered no harm from the omission of an instruction on mistake of fact, we overrule her sole issue.

## CONCLUSION

Having resolved Appellant's sole issue against her, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

8