Salvador BRUNO, Appellant,

v.

The STATE of Texas, Appellee.

No. 798–91.

Court of Criminal Appeals of Texas, En Banc.

Jan. 20, 1993.

Dick Psenda, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Scott A. Durfee and Ed Chernoff, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of unauthorized use of a motor vehicle and sentenced by a jury to fifteen years in the penitentiary and a $10,000 fine. In a published opinion, the Fourteenth Court of Appeals affirmed the conviction. *Bruno v. State*, 812 S.W.2d 56 (Tex.App.—Houston [14th] 1991). We granted discretionary review to determine whether the defensive charge given on mistake of fact incorrectly placed the burden of proof on appellant and whether the trial court could instruct the jury on parole when such instruction was not authorized by constitutional amendment. We will affirm.

The complainant, Joann Peevy, testified that appellant appeared and grabbed the keys to her car while she was on a public phone. She said that appellant then jumped in the car and drove away.

Appellant took the stand on his own behalf during the guilt/innocence phase of the trial. He contends the complainant recognized him and asked him to buy some drugs for her. Appellant testified that Peevy gave him enough money to buy drugs and voluntarily gave him her car. He asserted that he thought he had Peevy's permission to drive the car.

■ In his first ground for review, appellant contends the trial court erred in failing to properly instruct the jury on the mistake of fact defense.[1] He argues that the trial court should have additionally instructed the jury that the State is required to prove, beyond a reasonable doubt, appellant knew he did not have the complainant's effective consent to operate her automobile. We disagree. Appellant's assertion that the charge did not properly reflect this burden is wholly without substance. The charge, in pertinent part, was as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or

---

1. It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense. V.T.C.A., Penal Code Sec. 8.02(a).

about the 13th day of June, 1989, in Harris County, Texas, the defendant, Salvador Bruno, did then and there intentionally or knowingly operate a motor-propelled vehicle, namely, an automobile, owned by Joann Peevy, without the effective consent of Joann Peevy, then you will find the defendant guilty as charged in the indictment. ...

You are instructed that it is a defense to prosecution that a person through mistake of fact formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense. ...

The Court of Appeals held the jury charge at the guilt/innocence phase was in accord with *McQueen v. State*, 781 S.W.2d 600 (Tex.Cr.App.1989). In *McQueen*, this Court held that ·a culpable mental state applies to both the "operate a motor-propelled vehicle" and the "without the effective consent of the owner" elements of the offense. *Id.* at 603. Since the charge in the instant case tracked the precise language of V.T.C.A., Penal Code Sec. 31.07, the statute outlawing the behavior in question, the Court of Appeals held that it properly placed the burden upon the State to prove, beyond a reasonable doubt, that appellant knew he did not have the effective consent of the complainant to operate her automobile. *Bruno v. State*, 812 S.W.2d at 59–60. It also found that the State had an additional burden, rather than a lesser burden (as appellant asserts), because of the mistake of fact instruction. *Id.*, at 60.

The trial court's charge instructed the jury to convict only if the State had proven, beyond a reasonable doubt, that appellant knowingly and intentionally operated Joann Peevy's automobile and that he knew he did not have her consent. If the jury followed the court's charge, it should have also acquitted appellant if it believed appellant's story that he thought he had Peevy's consent and it believed such mistake of fact was reasonable.

The charge as given properly placed the burden of proof on the State. *Ibid.* We think, however, that such analysis misses the real question presented by this case, which is whether the mistake of fact instruction need have been given in the first place.

The offense of unauthorized use of a motor vehicle encompasses two conduct elements. *McQueen v. State*, 781 S.W.2d 600, at 604 (Tex.Crim.App.1989); *Gardner v. State*, 780 S.W.2d 259, at 262 (Tex.Cr. App.1989), citing *Musgrave v. State*, 608 S.W.2d 184, at 191 (Tex.Cr.App.1980). The offense not only requires "forbidden conduct", but also knowledge of the "attendant circumstances" of the offense. *McQueen*, 781 S.W.2d at 604; *Gardner*, 780 S.W.2d at 262. The "forbidden conduct" is the knowing operation of the vehicle. See *McQueen*, 781 S.W.2d at 604; *Gardner*, 780 S.W.2d at 262. In order to have knowledge of the "attendant circumstances", the defendant must be aware that the operation of the vehicle is without the owner's consent. See *McQueen*, 781 S.W.2d at 604; *Gardner*, 780 S.W.2d at 262.

We have found that a mistake of fact instruction may be proper in an unauthorized use of a motor vehicle case when it goes to the "attendant circumstances" of the crime. *Gardner*, supra, at 263. Specifically, such an instruction has been deemed proper where the defendant alleges that he has been given permission to operate the vehicle by a third party he believes to be the owner. See *Id.* In *Gardner*, the defendant did not claim to have the consent of the "true" owner. Instead, the defendant claimed to have obtained the vehicle from a third party whom he believed to be the owner. *Id.* at 260. Under these facts, this Court found that a mistake of fact instruction was proper since the jury could have believed that both: 1) the defendant believed that he had the consent of the third party to use the vehicle; and 2) that the true owner of the vehicle had not given him permission. See *Id.* at 262–263. The instruction was provided to permit the defendant to prove that he was not mentally culpable because he reasonably believed the third party had authority to give him consent. *Id.*, at 262–263. In other words,

the mistake of fact instruction provided a means for disproving the defendant's knowledge of the attendant circumstances, i.e. to disprove that he thought he did not have the owner's consent to operate the vehicle. *Id.* It was not provided to permit the defendant to disprove that the owner did not directly give him permission. See *Id.*

■ Unlike the defendant in *Gardner,* appellant testified that the owner of the vehicle gave him permission to use her car. There was no third party involved. In the absence of this third party, the jury could not believe both the testimony of true owner of the vehicle and the testimony of appellant as it could in *Gardner.* Only one of the incompatible stories could be believed. Appellant's knowledge of the attendant circumstances was apparent since he dealt directly with the owner. A mistake of fact instruction was therefore unnecessary.

The jury heard both stories. As they would have necessarily been required to disbelieve appellant's story before they could find sufficient evidence to convict, the instruction need not have been given in the instant case. Simply because appellant testified that he had the consent of the owner of the vehicle does not entitle him to a mistake of fact instruction. As the instruction was not necessary, appellant could not have been harmed by its submission. Ground number one is overruled.

■ In his second, third and fourth grounds for review, appellant contends the trial court erred at the punishment phase of trial when it instructed the jury about the parole law good conduct time. The instruction, he asserts, was not authorized by constitutional amendment and violated the due course of law and the separation of powers doctrines. After having reviewed the record in this case, and in light of our recent decision in *Oakley v. State,* 830 S.W.2d 107 (Tex.Cr.App.1992), we now find the Court of Appeals reached the correct result. Appellant's second, third and fourth grounds for review are overruled.

Accordingly, the judgment of the Court of Appeals is affirmed.

CLINTON, OVERSTREET and MALONEY, JJ., concur in the result.

BAIRD, J., concurs, believing the mistake of fact instructions was unnecessary in the instant case. However, I do not believe the defense of mistake of fact should be limited to third party cases.

MILLER and MEYERS, JJ., join this note.