**AFFIRM; Opinion Filed April 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00922-CR

## RODNEY ANTHONY ALVAREZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-60111-N**

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Evans
Opinion by Justice Francis

A jury convicted Rodney Anthony Alvarez of unauthorized use of a motor vehicle and assessed punishment, enhanced by a prior felony conviction, at seven years in prison. In his sole issue, appellant contends the trial court abused its discretion by failing to instruct the jury on the defense of mistake of fact. We affirm.

Dallas police officers Michael Yarbrough and Michael Vaughn were performing routine license plate checks on passing vehicles. A check on the plates of a passing truck showed the vehicle had been reported stolen two days earlier. The officers followed the truck into a business parking lot and placed the driver, identified as appellant, under arrest. Appellant asked "what this was all about," and Yarbrough told him the truck had been reported stolen. Appellant told

the officer he bought the truck from someone on the street for $400 but could not remember the seller's name. Appellant later "blurted out" that "he thought the vehicle might have been stolen, because the guy he had bought it from said it had been stolen before." Yarbrough testified the truck's steering column was broken so that access could be gained to the starting mechanism without having a key for the ignition. A towel was draped over the top of the broken steering column. The officer did not find a set of keys to start the vehicle. An inventory of the truck did not uncover any items showing appellant had purchased the car or was the owner of it. At the conclusion of the evidence, appellant requested the trial court include a mistake-of-fact instruction in the jury charge. The trial court denied the request.

Section 8.02(a) of the Texas Penal Code provides: "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a) (West 2011).

A defendant is entitled to an instruction on every defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of what the trial court may think about the credibility of the defense. *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). A defense is supported or raised by the evidence "if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007). The evidence is viewed in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). We review the trial court's denial of a requested jury instruction for an abuse of discretion. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

A person commits unauthorized use of a motor vehicle "if he intentionally or knowingly operates another's . . . motor-propelled vehicle without the effective consent of the owner." Tex. Penal Code Ann. § 31.07 (West 2011). Thus, the offense not only requires proof of the "forbidden conduct" but also of the "attendant circumstances" of the crime. *Bruno v. State*, 845 S.W.2d 910, 912 (Tex. Crim. App. 1993). The "forbidden conduct" is the knowing operation of the vehicle. *Id.* To have knowledge of the "attendant circumstances," the defendant must be aware that the operation of the vehicle is without the owner's consent. *Id.* In other words, the conduct of operating a motor vehicle is made unlawful only when the defendant knows his operation of the vehicle is without the owner's consent. *Gardner v. State*, 780 S.W.2d 259, 263 (Tex. Crim. App. 1989) (per curiam). A mistake of fact defense goes not to the "act," but instead to the "attendant circumstances." *Id.*

Here, appellant relies on *Gonzales v. State*, 07-07-0151-CR, 2008 WL 3006340 (Tex. App.—Amarillo Aug. 5, 2008, no pet.) to support his argument that he was entitled to an instruction on mistake of fact in this case. In *Gonzales*, the Hockley County Sheriff's Office was participating in an auction to sell some patrol cars and seized vehicles. *Id.* at *1. The vehicles had the keys in them, and appellant casually drove off in one of the cars. Police found the appellant and the vehicle about ten minutes later. When the officer approached appellant, he handed the officers the keys and explained that he had been given permission to test drive the vehicle by a large Hispanic male at the auction. *Id.* The trial court denied the appellant's mistake-of-fact instruction. The Amarillo court reversed, explaining there was some evidence entitling the defendant, as an auction attendee, to have believed a third party had authority to give consent to his test driving the car. *Id.*

3

Here, in conjunction with appellant's statement to the officer that he purchased the car for $400, he also told the officer he thought the car was stolen. Thus, *Gonzalez* simply does not apply to these facts. We therefore conclude appellant was not entitled to an instruction on mistake of fact. We overrule the sole issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110922F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY ANTHONY ALVAREZ,
Appellant

No. 05-11-00922-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-60111-N.
Opinion delivered by Justice Francis;
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 11, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE